IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ALLURE NAIL SUPPLY, LLC, ) | Case No.  17-43260-btf11 |
| ) | |
| Debtor. ) | |

**ORDER APPROVING AMENDED DISCLOSURE STATEMENT AND
CONFIRMING PLAN OF REORGANIZATION, AS AMENDED**

On February 27, 2019, the Court takes up the matters of final approval of the Debtor's Amended Disclosure Statement and confirmation of the Debtor's Amended Plan of Reorganization.  The following appeared at the hearing:  Erlene W. Krigel appeared for the Debtor; Ashley Barton appeared for the City of Kansas City, Missouri; Wesley J. Carrillo appeared for Summit Bank of Kansas City; Andrew J. Nazar appeared for Hand and Nail Harmony, Inc. and Nail Tech Supply, Inc.; and Adam E. Miller appeared for Daniel J. Casamatta, Acting United States Trustee.  After hearing statements of counsel and the evidence presented at the hearing and reviewing the Court's file, the Court makes the following findings of fact and conclusions of law:

      1.      On July 11, 2018, Debtor filed its Disclosure Statement and Plan of Reorganization.  On July 12, 2018, the Court issued its Order Conditionally Approving the Disclosure Statement, and Setting Hearing on the Confirmation of the Plan.  Such Order conditionally approved the Disclosure Statement and directed the Debtor to provide to creditors appropriate notice and opportunity for a hearing on the Disclosure Statement and Plan of Reorganization, scheduled for August 21,

2018. The United States Trustee filed an Objection to the Plan on August 16, 2018. On August 17, 2018, the Debtor filed an Amendment to the Plan of Reorganization to change the interest rate on the loan owed to Summit Bank of KC.  The hearing on the Disclosure Statement and Plan of Reorganization was continued to December 18, 2018.  On December 13, 2018, the Debtor filed an Amendment to the Disclosure Statement to supplement its original Disclosure Statement concerning the ownership of the Debtor, the changes in ownership, the salaries of the members and their relatives, and other related information. On December 18, 2018, the Court denied the confirmation of Chapter 11 Plan and approval of Disclosure Statement for lack of containing adequate information.

    2.    An Amended Plan of Reorganization and Amended Disclosure Statement were filed on January 8, 2019 (these documents are referred to as the "Amended Plan" and "Amended Disclosure Statement".  On January 11, 2019, the Court issued its Order Conditionally Approving the Disclosure Statement, and Setting Hearing on the Confirmation of the Amended Plan.  Such Order conditionally approved the Amended Disclosure Statement and directed the Debtor to provide to creditors appropriate notice and opportunity for a hearing on the Amended Disclosure Statement and Amended Plan of Reorganization, scheduled for February 27, 2019.   The City of Kansas City filed an objection to the Amended Plan and the sufficiency of the Amended Disclosure Statement.  No further objections were filed.  Ashley Barton, counsel for the City of Kansas City, approves the treatment of the City of Kansas City as stated in this Order and orally withdrew the

Objection at the hearing.

3. No other objections have been filed to the sufficiency of the Amended Disclosure Statement.

4. The Amended Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125.

5. The Amended Plan, filed on January 8, 2019, complies with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1129(a)(1) of the Bankruptcy Code.

6. The Debtor proposes to include the City of Kansas City's claim of $1,936.64 in Class Three. Class Three Claims, which are the Unsecured Priority Claims, includes all taxing authorities with priority claims. These claims shall be paid as set forth in paragraph 14 below.

7. The Amended Plan (i) impairs or leaves unimpaired various classes of claims, secured or unsecured, and of interests; (ii) subject to § 365 of the Bankruptcy Code, provides for the rejection of any executory contract or unexpired lease of Debtor not specifically assumed in writing by Debtor; (iii) provides for the retention and enforcement by Debtor of any claims or interests yet to be collected; and (iv) includes other applicable provisions not inconsistent with the applicable provisions of the Bankruptcy Code, all in accordance with § 1123(b) of the Bankruptcy Code.

8. The Debtor has satisfied the requirements of § 1129(a)(2) of the Bankruptcy Code, by complying with all applicable provisions of the Bankruptcy

Cod, including not soliciting acceptance or rejection of the Amended Plan until after transmitting to each holder of a claim the Amended Disclosure Statement, subject to approval by this Court after notice and hearing as containing adequate information, all in accordance with § 1125.

9. The Amended Plan has been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of § 1129(a)(3) of the Bankruptcy Code.

10. Any payment made or to be made by Debtor for services or for costs and expenses in or in connection with the case, has been or will be approved by, or is subject to the approval of, this Court as reasonable, thus satisfying the requirements of § 1129(a)(4) of the Bankruptcy Code.

11. The Debtor, in its Amended Disclosure Statement, and at the confirmation hearing, disclosed the members of the Debtor prior to December 2017 as Cuong ("Eric") Nguyen, Chinda Tav, and Eric's parents. Since December, 2017, the membership interests of Eric and his parents were transferred to Nhut Cong ("Tony") Pham. Tony Pham holds a 75% membership interest and Chinda Tav holds a 25% membership interest.  Chinda Tav has been receiving a salary of $65,000/year and expects to continue receiving this same salary after confirmation of the Amended Plan.  Tony Pham has not and will not receive compensation.  He does not actively work in the business operated by the Debtor.  Chinda Tav is the wife of Eric Nguyen. Eric Nguyen has not taken a salary since the filing of the Chapter 11.  Prior to the filing, he had a salary of $40,000 in 2017 and took an

additional distribution in 2017 of $10,000. Chinda Tav is the member who is in charge of the operation of the business run by the Debtor and will continue to serve in this capacity. The Amended Plan, combined with these disclosures, satisfy the requirements of § 1129(a)(5).

12. The Debtor does not need to satisfy the requirements of § 1129(a)(6) of the Bankruptcy Code, as no government regulatory commission appears to have jurisdiction.

13. In compliance with § 1129(a)(7) of the Bankruptcy Code, with respect to each impaired class or claims or interests, each holder of a claim or interest of such class has accepted the Amended Plan, or will receive or retain under the Amended Plan on account of such claim or interest, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount such holder would so receive or retain if Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

14. With respect to each class of claims or interests, such class has accepted (or should be deemed to have accepted) the Amended Plan, or such class is not impaired under the Amended Plan, or the Amended Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Amended Plan. The treatment of each class of claims or interests satisfies § 1129(a)(8) and § 1129(b) of the Bankruptcy Code. In this regard, the Debtor summarizes each class and the voting results of each class as follows:

14.1. The Class One Claim of Summit Bank of Kansas City ("Summit Bank") shall be paid as follows: The Debtor will pay Summit Bank the balance owed on the two loans, with a fixed interest of 7.75%, payable as follows: The principal balances shall bear interest at 7.75% per annum. The Debtor has paid Summit Bank equal monthly payments of interest only from August, 2018 until January, 2019. With the February, 2019 payment and thereafter, the payments will include principal and interest. The payments of principal and interest are amortized over 84 months (7 years). Class One is impaired. Summit Bank did not return a ballot as to the Amended Plan.

Summit Bank has asserted two claims (Claim No. 12 and Claim No. 15). Summit Bank's Claim 12 claim amount as of March 7, 2018, was $157,001.18 plus accruing interest, any subsequent late charges, and accrued and accruing fees including reasonable attorney. The Debtor shall make the first monthly payment to Summit Bank on or before February 2, 2019, which it made and has been received by Summit Bank, and monthly payments thereafter shall be due on the 2nd day of each successive month of repayment. The Debtor shall pay any and all amounts due and owing to Summit Bank at the end of the amortization period, that being January 2, 2026, in full. In addition to the specific Summit Bank collateral listed in the Amended Plan (a blanket and senior lien on all assets including but not limited to: cash, bank accounts, accounts receivable, furniture, fixtures, equipment, inventory), Summit Bank's claim is secured by security interests in general intangibles and chattel paper, and a lien in real estate described in a November 10,

2011 deed of trust from Cuong Duy Nguyen and Chinda Tav; and the claim is guaranteed by virtue of guarantees executed by Cuong Duy Nguyen and Chinda Tav.  The Debtor acknowledges and agrees that Summit Bank's collateral assets include these additional assets, that the mentioned guarantees remain valid and enforceable, and that the bankruptcy effectively has no effect on the mentioned deed of trust and guarantees or Summit Bank's existing rights pursuant to those loan agreements. The collateral values specified by the Debtor in the Amended Plan are estimated. Summit Bank will retain its liens on all of its collateral properties.

Summit Bank's Claim 15 claim amount as of March 7, 2018, was $55,423.00 plus accruing interest, any subsequent late charges, and accrued and accruing fees including reasonable attorney.  The Debtor shall make the first monthly payment to Summit Bank on or before February 2, 2019, which it made and has been received by Summit Bank, and monthly payments thereafter shall be due on the 2nd day of each successive month of repayment. The Debtor shall pay any and all amounts due and owing to Summit Bank at the end of the amortization period, that being January 2, 2026, in full.  In addition to the specific Summit Bank collateral listed in the Amended Plan (a blanket and senior lien on all assets including but not limited to: cash, bank accounts, accounts receivable, furniture, fixtures, equipment, inventory), Summit Bank's claim is secured by security interests in general intangibles and chattel paper, and the claim is guaranteed by virtue of guarantees executed by Cuong Duy Nguyen and Chinda Tav.  The Debtor acknowledges and agrees that Summit Bank's collateral assets include these additional assets, that

7

the mentioned guarantees remain valid and enforceable, and that the bankruptcy effectively has no effect on the mentioned guarantees or Summit Bank's existing rights pursuant to those loan agreements. The collateral values specified by the Debtor in the Amended Plan are estimated. Summit Bank will retain its liens on all of its collateral properties.

14.2. The Class Two Claim of Bank of the Prairie ("BOTP") shall be paid as follows: The Debtor will pay BOTP the principal balance of $200,000.00 owed on the loan, with interest at the rate of 7.5% plus subsequent late charges and accrued and accruing fees, including reasonable attorneys' fees, payable as follows: The Debtor has paid BOTP interest only from August, 2018 until January, 2019. With the February, 2019 payment and thereafter, the payments will be in the amount of $3,181.29 per month. BOTP's claim will be are amortized and paid over 84 months (7 years) in monthly payments, beginning with February 2, 2019. Class Two is impaired. BOTP returned a ballot voting YES for the Amended Plan.

BOTP's claim amount as of December 1, 2017 was $202,547.50 plus accruing interest, any subsequent late charges, and accrued and accruing fees including reasonable attorney fees (which totaled $9,516.25 through January 2019); and BOTP's claim is over secured. The Debtor shall make the first monthly monthhly payment to BOTP on or before February 2, 2019, which it made, and monthly payments thereafter shall be due on the 2nd day of each successive month of repayment. The Debtor shall pay any and all amounts due and owing to BOTP at the end of the amortization period, that being January 2, 2026, in full. In addition

8

to the specific BOTP collateral listed in the Amended Plan (a blanket and junior lien on all assets including but not limited to: cash, bank accounts, accounts receivable, furniture, fixtures, equipment, inventory), BOTP's claim is secured by security interests in general intangibles and chattel paper, and a lien in real estate described in a January 8, 2015 deed of trust from Sam Nguyen, Jimmy Nguyen, and Donna Nguyen; and the claim is guaranteed by virtue of guarantees executed by Eric Nguyen and Chinda Tav. The Debtor acknowledges and agrees that BOTP's collateral assets include these additional assets, that the mentioned guarantees remain valid and enforceable, and that the bankruptcy effectively has no effect on the mentioned deed of trust and guarantees or BOTP's existing rights pursuant to those loan agreements. The collateral values specified by the Debtor in the Amended Plan are estimated. BOTP will retain its liens on all of its collateral properties, including those granted to BOTP pursuant to the cash collateral order herein. Except as modified herein, the loan documents between the Debtor and BOTP will remain in full force and effect. By way of illustration, the Debtor will continue to maintain proper insurance and to timely pay all tax obligations with respect to BOTP's collateral properties.

14.3 The Class Three Claims of taxing authorities include claims of the Internal Revenue Service, Missouri Department of Revenue, and City of Kansas City.

The Class Three Claim of the City of Kansas City shall be paid in full at the prevailing interest rate established by the City of Kansas City, in periodic payments

9

with any unpaid balance being due and payable in December, 2022. Clay County was paid for personal property tax for 2017 and 2018. Clay County is not owed for any taxes.

The Internal Revenue Service ("IRS") Proof of Claim reflected a secured claim of $12,367.79 and a priority claim of $42,854.23. The priority claim includes $12,827.17 that is unassessed and/or estimated for 2017 withholding and FUTA. These claims are disputed. The priority claim also includes a penalty of $30,084 which was assessed post-petition. This claim is also disputed. The secured claim is not disputed. The IRS has a current rate of interest at 6% per annum. The secured claim of $12,367.79 shall be paid in monthly payments with any unpaid balance paid in full by December, 2022.

The Class Three Claims of Missouri Department of Revenue ("MDOR") shall be paid in full at the prevailing interest rate established by the MDOR with the principal being amortized over 120 months, commencing on the first day of the month following the entry of a confirmation order. Debtor shall pay any accrued interest amortized over the 120 months. Penalties shall be treated as unsecured non-priority debts and shall be treated in Class Four. MDOR secured claims total $420,947. MDOR priority claims total $73,700. At 4% per annum, the MDOR's estimated monthly payment paid over 10 years should be approximately $4,262 for the secured claims and $746 for the priority claims for a total of $5,008. Class Three is impaired. The ballot of the City of Kansas City voted NO as to the Amended Plan. No other ballots were returned in this Class.

14.4 The Class Four Claims, which are the Unsecured Non-Priority Claims, shall be paid as follows: The Allowed Unsecured Non-Priority Claims shall receive 10% of their claim, payable in monthly payments within no interest payable over seven (7) years, commencing with March 15, 2019 and on the fifteenth (15th) day of each month thereafter for 84 months. Based upon unsecured claims of $846,726, the monthly payment would be approximately $1,008. Class Four is impaired. There were three (3) ballots timely returned, all of which voted YES for the Amended Plan. One of the returned ballots was a limited liability company whose current member was formerly a member of the Debtor. Without consideration of that ballot, 100% of the claims and 100% of the dollars voting for the Amended Plan voted YES.

14.5 Class Five Claims are the Allowed Administrative Claims. These are the Allowed Administrative Claims, whether incurred before or after the Confirmation Date, allowable under § 330 and § 503(b) of the Bankruptcy Code, and which are entitled to priority payment under § 507(a)(1) of the Bankruptcy Code. The Claims of this Class include attorneys' fees and accounting fees for post-petition services rendered to the Debtor on and after the Filing Date. These Claims also include Claims of the United States Trustee to the extent of any quarterly fees due under 28 U.S.C. § 1930(a)(6) as of the Confirmation Date and post-petition taxes, if any. Class Five is unimpaired. No ballots were returned for this Class.

15. The deadline for filing Proof of Claims was March 18, 2018. Debtor shall have thirty (30) days after the entry of this Order within which to make any

objections to claims it deems appropriate. Any claim not objected to within such period shall be deemed allowed.

16. At least one class of claims that is impaired under the Amended Plan has accepted the Amended Plan, determined without including any acceptance of the Amended Plan by an insider. Thus, the Debtor has satisfied the requirements of § 1129(a)(10) of the Bankruptcy Code.

17. The Amended Plan contemplates the continuation of the Debtor's business.

18. The Profit and Loss summary for 2018 which was attached to the Debtor's Amended Disclosure Statement and the Debtor's Monthly Operating Reports reflect that Debtor has continued to operate profitably and expects its operation to continue to operate profitably along with the payment as proposed under the Amended Plan. There would not be a likelihood of a need for further reorganization.

19. The creditors will realize more through the Amended Plan than if the case were converted to Chapter 7 and the Debtor's assets liquidated by a trustee. Thus, the Debtor has satisfied the requirements of § 1129(a)(11) of the Bankruptcy Code.

20. Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930. Thus, the Debtor has satisfied the requirements of § 1129(a)(12) of the Bankruptcy Code.

21. At the hearing, the Debtor agreed that it shall pay all outstanding

amounts due the United States Trustee within ten (10) days of confirmation, and, on and after the Confirmation Date, Debtor shall be liable for, and shall pay the fees due the United States Trustee pursuant to 28 U.S.C. Section 1930(a)(6) until the entry of the final decree in this case or until the case is converted or dismissed, as required by Public Law 104-99, Title II, § 211, 110 Stat. 37 (effective January 27, 1996), as amended by Public Law 106-208, 110 Stat. 3009 (September 30, 1996). After confirmation, Debtor shall file with the Court, and serve on the United States Trustee, a quarterly financial report for each quarter (or portion thereof) the case remains open.

ACCORDINGLY,

The Court makes the following Orders, consistent with the foregoing statements of fact and conclusions of law:

A. This Court has jurisdiction over Debtor and this case pursuant to 28 U.S.C. § 157 and § 1334. The Confirmation Hearing of February 27, 2019 and this Order are "core" proceedings under 28 U.S.C. § 157.

B. The Amended Disclosure Statement is hereby finally approved as containing adequate information within the meaning of 11 U.S.C. § 1125.

C. Debtor is qualified to be a Debtor under § 109 of the Bankruptcy Code. Venue of this case is proper before this Court pursuant to 28 U.S.C. § 1408.

D. The Debtor's Amended Plan of Reorganization, as modified by this order, shall be confirmed in all respects as provided in § 1129 of the Bankruptcy Code.

    E.    The modifications contained in this Order do not adversely change the treatment of the claim of any creditor who has not accepted in writing the modifications. Accordingly, the Amended Plan, as amended or as modified by this Order, shall be deemed accepted by all creditors who previously accepted the Plan, pursuant to F. R. Bankr. P. 3019.

    F.    There was one objection to the Amended Plan filed by City of Kansas City. Based upon the recitation above that the City of Kansas City's claim shall be paid in full by December, 2022 and confirmation of the Amended Plan, the objection is overruled.

    G.    Pursuant to § 1141 of the Bankruptcy Code, the provisions of the Amended Plan, or as modified by this Order, shall bind Debtor and any creditor and equity security holder, and their respective heirs, successors and assigns, whether or not the claim or interest of such creditor or equity security holder is impaired under the Amended Plan, and whether or not such creditor or equity security holder has accepted the Amended Plan.

    H.    Pursuant to the Amended Plan and § 1141 of the Bankruptcy Code, all of the property of the estate shall be and it hereby is vested in Debtor, and all of the property shall be and it hereby is declared to be free and clear of all claims and interests of creditors and equity security holders, except for the secured creditors Summit Bank, BOTP, Missouri Department of Revenue and the Internal Revenue Service as set forth in paragraph 14 above.

    I.    The Debtor's assumption of the lease with Stor Safe for the

office/warehouse is approved.  On February 8, 2019, the Debtor entered into a Plan Support Agreement and Distribution Agreements with Hand & Nail Harmony, Inc. ("Harmony") and Nail Alliance – Morgan Taylor, Inc. ("Morgan Taylor").  The distribution agreement with Harmony was to update their pre-petition distribution agreement. The Debtor filed a Motion to Approve the Plan Support Agreement with the deadline for objections set for February 20, 2019, and no objections were received and the court granted the motion on February 21, 2019 (Doc. #103).  The Debtor agreed as follows: Any discrepancies between: (i) the Amended Plan, Amended Disclosure Statement and the Confirmation Order confirming the Amended Plan; and (ii) the Plan Support Agreement and the two attached Distribution Agreements as defined in that certain Plan Support Agreement, shall be governed by the Plan Support Agreement and the attached Distribution Agreements, and are incorporated by reference as if fully stated herein.  For the avoidance of doubt, the Plan Support Agreement and the two attached Distribution Agreements shall bind the reorganized Debtor after confirmation of the Plan, and shall not be subject to rejection under 11 U.S.C. § 365. Hand & Nail Harmony, Inc. and Nail Tech Supply, Inc. have an allowed claim not subject to defense, claim, offset, setoff or recoupment in the amount of currently listed in Debtor's schedules and statement of affairs and Debtor waives the right to reconsideration of the claim under 11 U.S.C. § 502(j).

    No objections were filed and the Court approved these agreements.  Any unexpired leases or executory contracts not specifically mentioned in this Order

shall be deemed rejected as of the Confirmation Date.

J.     Pursuant to § 1142 of the Bankruptcy Code, this Court hereby reserves the right to direct Debtor and any other necessary party to execute or deliver, or to join in the execution or delivery of, any instrument required to effect a transfer of property dealt with by the Amended Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Amended Plan.

K.     This Court reserves the right to modify the Amended Plan before substantial consummation of such Amended Plan in accordance with § 1127 of the Bankruptcy Code.

L.     Debtor shall be and hereby is authorized and directed to pay all fees payable under 28 U.S.C. § 1930 on or before the Effective Date of the Amended Plan. All quarterly fees owing to the United States Trustee shall be paid by the Debtor within 10 days of the entry of the Order of confirmation or on the Effective Date of the Amended Plan as required by § 1129(a)(12) of the Bankruptcy Code, and the payment of quarterly fees shall be made until the case is closed by order of the Court, as required by Public Law 104-99, Title II, § 211, 110 Stat. 37 (effective January 27, 1996), as amended by Public Law 104-208, 110 Stat. 3009 (September 30, 1996).

M.     After the Effective Date, the member interests in the reorganized Debtor shall remain the same.

N.     Subject to Article VIII of the Amended Plan, the Court shall retain

complete jurisdiction of this case, and any proceedings arising in, under, or related to this case, after the Confirmation Date until the Consummation Date, including, but not limited to:

1. Determination of any and all objections to the validity, priority, amount, nature, or proper classification of Claims, including estimation of Claims;

2. Determination of any and all applications for compensation of fees and expenses under § 330 of the Bankruptcy Code;

3. Determination of any and all applications for the assumption or rejection of executory contracts and unexpired leases;

4. Implementation of the Amended Plan, including but not limited to entry of orders under § 105 and § 1142 of the Bankruptcy Code;

5. Correction of any defect, omission, or inconsistency between or among the Amended Plan or this Confirmation Order, as may be necessary to carry out the purposes and intent of the Amended Plan;

6. Entering of such Orders as may be necessary to consummate, implement and effectuate the operative provisions of the Amended Plan and all documents and agreements provided for in the Plan;

7. Determination of any matters involving local, state, federal or other taxes, including determinations under §§ 346, 505, 525, and 1146 of the Bankruptcy Code;

8. Entry of a Final Order closing this case; and

9. Determination of such other matters that may be provided for herein.

Dated: 2/27/2019

/s/ Brian T. Fenimore
Brian T. Fenimore
United States Bankruptcy Judge

Submitted by:

KRIGEL & KRIGEL, P.C.

 /s/ Erlene W. Krigel
Erlene W. Krigel, Mo. Bar #29416
4520 Main Street Suite 700
Kansas City, MO 64111
Telephone: 816-756-5800
Facsimile: 816-756-1999
ekrigel@krigelandkrigel.com
ATTORNEY FOR DEBTOR